# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-3105WA

_____

| | | |
|---|---|---|
| Travis L. Manning, | * | |
| | * | |
| Appellant, | * | On Appeal from the United |
| | * | States District Court for |
| v. | * | the Western District of |
| | * | Arkansas. |
| | * | |
| Lion Oil Refinery, a corporation, | * | [Not to be published.] |
| | * | |
| Appellee. | * | |

_____

Submitted: February 11, 2002

Filed:  February 21, 2002

_____

Before BOWMAN, RICHARD S. ARNOLD, and WOLLMAN, Circuit Judges.

_____

PER CURIAM.

Travis L. Manning brought this case against his employer, Lion Oil Company of El Dorado, Arkansas, claiming that he was denied a promotion to a supervisory position on account of his race.  He also claims that the defendant retaliated against him for complaining about racial discrimination.  The claims before us on appeal are

based on 42 U.S.C. § 1981. The District Court[1] granted summary judgment for the defendant.

We affirm. Manning has been employed by the defendant since 1985 as an "A" operator. He has sought but has not been granted promotion to the position of shift supervisor. Defendant asserts, as its legitimate and nondiscriminatory reason for denying plaintiff the promotion, that Mr. Manning is unfit for a leadership position because of his difficult personality, lack of communications skills, and troubled disciplinary record. These reasons are all race-neutral on their face, though, as plaintiff argues, concepts such as leadership qualities and communications skills are subjective and can be a cloak for improper motives. Having read the briefs, heard oral argument, and reviewed pertinent portions of the record, we are not persuaded that plaintiff's evidence of improper motivation was sufficiently substantial to create a genuine issue of material fact, capable of defeating summary judgment. Among other things, imposition of substantial discipline on Manning was twice approved by neutral arbitrators. One arbitrator found that Manning's attitude was belligerent and insubordinate. Another one found him argumentative and uncooperative, and that his explanations stretched credibility.

An employee's leadership ability and disciplinary record are unquestionably relevant to promotion decisions, whether or not they appear on any written list of qualifications.

We have considered Manning's other arguments and hold that they are without merit. The case is not of sufficient precedential significance to require the writing of a fuller opinion.

---

[1]The Hon. Jimm Larry Hendren, Chief Judge, United States District Court for the Western District of Arkansas.

The judgment is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.